UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON EDWARDS,

        Plaintiff,

        v.                              Case No. 24-cv-0742-bhl

MILWAUKEE SECURE DETENTION FACILITY,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Brandon Edwards, who is currently incarcerated at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Since then, Edwards has filed multiple motions for leave to proceed without prepaying the filing fee, a motion and several letters seeking to supplement his complaint, and a motion to appoint counsel. This decision resolves the pending motions and screens the complaint as required by 28 U.S.C. §1915A.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Edwards has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Edwards filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Based on that statement, the Court concluded that Edwards lacks the assets and means to pay an initial partial filing fee and therefore,

pursuant to 28 U.S.C. §1915(b)(4), waived his obligation to pay an initial partial filing fee. Edwards' motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Edwards' complaint is difficult to understand. The complaint contains incomplete sentences without punctuation and seems to be written in a stream of consciousness, so it is difficult to determine when one idea ends and another begins. From the parts the Court could understand, it appears that Edwards alleges that he requested to see someone from psychological services but his request was either ignored or denied. It also appears that officers may have laughed at him or mocked him while he waited. Edwards also vaguely references challenging conditions in his cell that made it difficult for him to sleep. Dkt. No. 1.

Edwards later filed a letter complaining that he was being denied a halal special diet and had been forced to eat bologna because he was so hungry, which is in violation of his religious beliefs. Dkt. No. 6. He then filed a motion to amend or correct his complaint to include allegations in connection with a disciplinary hearing in which he was allegedly denied the opportunity to review the jail handbook and or relevant policies. Dkt. No. 9. And, finally, he filed a jail information request form addressed to the Court, in which he clarified that he wants "the religious discrimination" claim and the "psychological" claim to be in the same case. Dkt. No. 11.

## ANALYSIS

Edwards' complaint does not satisfy the pleading requirements of Fed. R. Civ. P. 8 because it does not contain sufficient factual matter for the Court to reasonably infer that a particular person violated his constitutional rights. It is not clear from the complaint what happened, who was involved, or what Edwards believes each person did or did not do to violate his rights. Further, it

appears from Edwards' subsequent filings that he would like to add new claims and/or allegations to his complaint. Accordingly, the Court will allow Edwards an opportunity to file an amended complaint that satisfies the Rules of Civil Procedure and includes all of his claims against all of the people he wants to sue. As Edwards prepares his amended complaint, he should keep the below guiding principles in mind.

First, Edwards should structure his amended complaint like he is telling a story to someone who does not know anything about his situation. He should state who was involved, what happened, when it happened, how the people he interacted with did or did not respond, and how their response (or lack of response) impacted him. He should write in complete sentences and, if possible, in chronological order.

Second, §1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Also, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. §1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Nor does §1983 create collective or vicarious responsibility. *Id.* This means Edwards must identify in the caption of the amended complaint each person he believes violated his rights and explain in the body of his amended complaint what each person did or did not do to violate his constitutional rights. Edwards cannot simply sue the prison as he did in his original complaint; he must identify and sue each person he believes violated his constitutional rights.

Also, it looks like Edwards may hope to pursue unrelated claims in the same lawsuit. This, he cannot do. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants

4

belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, *George* reminds district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

With these principles in mind, if Edwards wishes to proceed, he must file an amended complaint by **October 17, 2024** that cures the deficiencies discussed in this decision. If Edwards does not file an amended complaint or ask for more time to do so by the deadline, the Court will dismiss this case based on his failure to comply with the Federal Rules of Civil Procedure and this Court's order. Edwards is advised that an amended complaint will replace his original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended

5

complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. §1915A.

Finally, Edwards has filed a motion to appoint counsel. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish,* 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)).

Edwards appears to have satisfied the first prong of the standard by contacting several lawyers without success; nevertheless, the Court will deny his motion because he appears capable of representing himself at this stage of the case. All Edwards has to do at this point is prepare an amended complaint informing the Court of what happened, who was involved, and how it impacted him.

**IT IS THEREFORE ORDERED** that Edwards' motions for leave to proceed *in forma pauperis* (Dkt. Nos. 2, 12, 17) are **GRANTED**, and his motion for an extension of time to file a signed motion for leave to proceed in forma pauperis (Dkt. No. 10) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Edwards' motion to amend/correct the complaint (Dkt. No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Edwards' motion to appoint counsel (Dkt. No. 8) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **October 17, 2024**, Edwards may file an amended complaint curing the defects in the original complaint as described in this decision. If Edwards does not believe he can cure the defects, he does not need to take any further action.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Edwards a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Edwards shall collect from his institution trust account the $350 filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Edwards is transferred to another institution, the transferring institution shall forward a copy of this Order along with Edwards' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Edwards is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Edwards is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 18, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge