UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON EDWARDS,

       Plaintiff,

       v.                                 Case No. 24-cv-0742-bhl

MILWAUKEE SECURE DETENTION FACILITY,
DEMETRIUS THOMAS,
OFFICER WARD,
STEVEN R. JOHNSON, and
RHU JOHN DOE CAPTAIN,

       Defendants.

---

## SCREENING ORDER

---

Plaintiff Brandon Edwards, who is currently serving a state prison sentence at Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. The Court screened the complaint on September 18, 2024, and after concluding the complaint failed to state a claim upon which relief could be granted, gave Edwards the opportunity to file an amended complaint, which he did on October 11, 2024. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As explained in the original screening order, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

U.S.C. §1915A(b).  In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

### ALLEGATIONS OF THE AMENDED COMPLAINT

According to Edwards, Officer Thomas violated his religion during recreation and lied about it because of a prior argument.  It is not clear what Thomas did or did not do, but it appears to have involved a bagged lunch and Edward's special meal restriction for his Islamic faith. Edwards next alleges that psych services are not addressing his mental health needs.  He asserts that he has very bad anxiety and tense thoughts, including thoughts of self-harm.  It appears that he has had trouble getting his medication, although it is not clear what challenges he faces or how he has tried to address them.  He asserts that officers, including Defendant Officer Ward have taunted him by encouraging him to harm himself or telling him they don't care about his intent to harm himself.  Edwards has allegedly spoken to the Defendant John Doe Captain in the restricted housing unit about how officers treat him, but he lets them get away with it.  The warden has allegedly said he would look into this, but nothing has changed.  Dkt. No. 24.

### THE COURT'S ANALYSIS

The Seventh Circuit has acknowledged that "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).  But taunting a prisoner in the midst of a mental health crisis by encouraging

2

him to harm himself is a level of cruelty forbidden by the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.*; *Lisle v. Welborn*, 933 F.3d 705, 718 (7th Cir. 2019) (holding that "the Eighth Amendment also protects psychologically vulnerable inmates against psychological pain deliberately inflicted by correctional officers"). Accordingly, Edwards may proceed on an Eighth Amendment claim against Ward. He also may proceed on an Eighth Amendment claim against the John Doe Captain to whom Edwards allegedly complained about the officers' mistreatment of him. According to Edwards, the officers allegedly continued to harass him despite his complaints to their supervisor. Construing the allegations broadly, the Court can reasonably infer that the John Doe Captain turned a blind eye to the alleged misconduct of his subordinates. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988) (holding that a supervisor will be liable if he condones or turns a blind eye to misconduct that he knows about). After the Court enters a scheduling order and sets a deadline for the completion of discovery, Edwards may use discovery to learn the John Doe Captain's name.

Edwards does not, however, state a claim against Warden Steven Johnson. Edwards' allegations about the Warden's involvement are vague. Edwards alleges only that the Warden told him he would look into whatever Edwards was concerned about. But not "everyone who knows about a prisoner's problems must pay damages." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). "Public officials do not have a free-floating obligation to put things to rights . . . ." *Id.* Wardens can delegate to supervisors the management of officers without "be[ing] hit with damages under § 1983 for not being ombudsmen." *Id.* Edwards also cannot sue the Milwaukee Secure Detention Facility, which is an institution operated by the State of Wisconsin, because it is not a "person" against whom a claim for money damages can be asserted. *See Lapides v. Board of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616 (2002).

3

Edwards also does not state a claim against Thomas for "violation of [his] religion." Edwards does not allege what Thomas did or did not do to violate his rights, so he does not satisfy the requirements of Fed. R. Civ. P. 8. In any event, a claim against Thomas based on the alleged violation of his religion would not be properly joined in this action. *See* Fed. R. Civ. P. 18, 20. Along those lines, the Court notes that on October 16, 2024, Edwards filed a five-paged document, on the top of which he wrote "All Amended Complaints to 24-cv-00742." Dkt. No. 25. It is not clear why Edwards filed this document, but it contains a series of unrelated incidents involving individuals not sued as Defendants in his amended complaint.[1] For the sake of clarity, the Court will strike this document from the record. Cluttering the docket with vague filings that are irrelevant to the case creates confusion and interferes with the ability of the Court and the parties "to secure the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. Edwards is advised that if he wants to proceed on unrelated claims against other individuals, he must do so in a separate case. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Now that the Court has screened the amended complaint, Defendants will have an opportunity to respond to the amended complaint, and once they do, the Court will enter a scheduling order setting deadlines for the completion of discovery and the filing of dispositive motions. In the meantime, Edwards should be patient and only file requests for specific relief when necessary. Edwards will not be permitted to proceed on additional claims simply because he files documents that detail unrelated incidents. If he wants to pursue additional claims, his must seek leave to file an amended complaint, and he must comply with Fed. R. Civ. P. 15 and Civil L. R. 15.

---

[1] The document also contains more detailed allegations about Ward and the John Doe Captain's alleged misconduct, but the additional details add nothing to the claims Edwards states in the amended complaint.

**IT IS THEREFORE ORDERED** that Edwards fails to state a claim against Demetrius Thomas and Steven Johnson and that Edwards may not sue the Milwaukee Secure Detention Facility. The clerk's office is therefore directed to terminate them from this action.

**IT IS FURTHER ORDERED** that Edwards' October 16, 2024 filing (Dkt. 25) shall be **STRICKEN** from the record to avoid confusion regarding the operative complaint.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Edwards' amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Officer Ward.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Officer Ward shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on October 25, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge