UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

BRANDON EDWARDS,

                       Plaintiff,

v.                                                    Case No. 24-cv-0742-bhl

JEREMY GLOUDEMANS,

                       Defendant.

_____

## DECISION AND ORDER
_____

      Plaintiff Brandon Edwards, who is incarcerated at the Milwaukee County Jail, is representing himself in this 42 U.S.C. §1983 case, in which he alleges that his constitutional rights were violated while he was incarcerated at the Milwaukee Secure Detention Facility. On July 9, 2025, Defendant Jeremy Gloudemans filed a motion for summary judgment on the ground that Edwards failed to exhaust the available administrative remedies before he filed this lawsuit. Dkt. No. 51. The Court notified Edwards that his response materials were due by August 8, 2025. At Edwards' request, the Court extended the response deadline to September 9, 2025. The Court warned Edwards that if he did not respond by the deadline, the Court would accept all facts asserted by Defendant as true and would decide the motion without Edwards' input. *See* Civil L. R. 56(b)(4). The extended deadline has passed, and Edwards did not respond to the motion.

      The Court has reviewed Defendant's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendant is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendant and deemed true as a result of Edwards' failure to respond, the Court finds that Edwards did not timely file an inmate complaint about the issues in this lawsuit, nor did he properly request a review of the

rejected inmate complaint. Because Edwards did not comply with the prison's policies for exhausting the administrative remedies, Defendant is entitled to summary judgment and this action must be dismissed. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment based on Edwards' failure to exhaust the administrative remedies (Dkt. No. 51) is **GRANTED**, and this action is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.